**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RALPH COUNTRYMAN AND RICHARD ANDERSON, ) ) ) | |
| Plaintiffs, ) ) | 3:10-cv-00085-ECR-RAM |
| vs. ) ) | **ORDER** |
| RICHARD GARCIA, *et al.*, ) ) | |
| Defendants. ) | |

This a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs Ralph Countryman and Richard Anderson filed a *pro se* civil rights complaint in the First Judicial District Court of the State of Nevada in and for Carson City. Defendants have been served with the complaint. Defendants filed a Notice of Removal in this Court on February 12, 2010. (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs have alleged violations of their rights under the U.S. Constitution. This Court now reviews the complaint. (Docket #1, Exhibit A).

**I. Screening Standard Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

1  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule
2  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels
3  and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic
4  recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S.
5  265, 286 (1986).  Additionally, a reviewing court should "begin by identifying pleadings
6  [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption
7  of truth."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the
8  framework of a complaint, they must be supported with factual allegations."  *Id.*

9  Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*
10 *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims
11 based on legal conclusions that are untenable (e.g., claims against defendants who are immune from
12 suit or claims of infringement of a legal interest which clearly does not exist), as well as claims
13 based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*,
14 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15 **II. Complaint in the Instant Action**

16 Plaintiffs Countryman and Anderson are state prisoners incarcerated at the Northern
17 Nevada Correctional Center.  Plaintiffs bring action against Howard Skolnik, Jack Palmer, Gary
18 Halstead, Robert LeGrand, Richard Garcia, and Lt. Hertz.  Plaintiffs, who subscribe to Native
19 American religious beliefs, allege that defendants violated their religious rights.  Plaintiffs seek
20 declaratory relief, injunctive relief, and damages.

21 **A. Count One**

22 In Count One of the complaint, plaintiffs allege that defendants violated their First
23 Amendment rights and their rights under RLUIPA when they deprived defendant Anderson of his
24 ability to perform daily prayers in compliance with his Native American religious beliefs.  Defendant
25 Anderson was holder of the sacred pipe during his incarceration at Southern Desert Correctional
26 Center.  Upon his transfer, plaintiff Anderson was deprived of his religious property, which included

plaintiff's prayer feather, sacred pipe, flute, and rabbit skin medicine bag, all needed to perform daily prayers and rituals central to his faith.

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. *Id.; McElyea v. Babbit*, 833 F. 2d 196, 197 (9th Cir. 1987). Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *O'Lone*, 382 U.S. at 349; *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). Under the RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling government interest," and does so by "the least restrictive means." *Warsoldier v. Woodford,* 418 F.3d 989, 994 (9th Cir. 2005); 42 U.S.C. § 2000cc-1(a)(1)-(2). Plaintiffs have alleged sufficient facts to allow their religious rights claims to proceed under RLUIPA and the First Amendment.

**B. Count Two**

In Count Two, plaintiffs allege that defendants deprived plaintiff Anderson of due process when they deprived him of religious property pursuant to Nevada Department of Corrections regulations. An authorized intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized

4

deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). In the instant case, plaintiffs allege that there is no legitimate penological reason for the confiscation of religious property. Plaintiffs state a cognizable claim for deprivation of property and the claim may proceed.

### C. Count Three

In Count Three, plaintiffs allege that defendants violated their equal protection rights when defendants deprived plaintiff Anderson of his flute and rattle, which is necessary to perform certain Native American religious rituals. Plaintiffs state a cognizable claim against defendants for denial of equal protection. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). The equal protection claim may proceed.

### III. Conclusion

**IT IS THEREFORE ORDERED** that defendants' motion for screening (Docket #4) and motion for an extension of time (Docket #5) are **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint **MAY PROCEED** as to all claims and all defendants named in the complaint.

**IT IS FURTHER ORDERED** that defendants shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiffs shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiffs shall include with the original paper submitted for filing a certificate stating the date that a true and correct

copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, plaintiffs shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

        Dated this 15th day of November, 2010.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE

1
2
3
_____
Name
4
_____
Prison Number
5
_____
Address
6
_____
7
_____

8          UNITED STATES DISTRICT COURT
                DISTRICT OF NEVADA
9
   _____, )   Case No. _____
10              Plaintiff,     )
                               )
11  v.                         )   **NOTICE OF INTENT TO**
                               )   **PROCEED WITH MEDIATION**
12  _____   )
                               )
13  _____   )
             Defendants.       )
14  _____  )

15      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

17  1.   Do you wish to proceed to early mediation in this case? ____ Yes  ____ No

18  2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

19  _____

20  _____

21  _____

22
    3.   List any and all cases, including the case number, that plaintiff has filed in federal or state
23       court in the last five years and the nature of each case. (Attach additional pages if needed).

24  _____

25  _____

26  _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document