UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RALPH COUNTRYMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 3:10-cv-00085-ECR-RAM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RICHARD GARCIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On November 15, 2010, the court issued a Screening Order that stated that the complaint would proceed as to all claims (docket #8). Before the court is defendants' motion for clarification and reconsideration of the court's Screening Order (docket #24).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

> (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

First, while the Screening Order was entered on November 15, 2010 (docket #8), defendants filed their motion for clarification and reconsideration four months later on March 20, 2011 (docket #24). Defendants' motion is untimely. Moreover, defendants argue in their motion that they need clarification as to whether plaintiff Countryman has any claims that survived screening because "there is no indication in the Screening Order that Countryman's sole Equal Protection claim survived screening" (docket #24 at 2). However, under count III of the complaint, paragraphs 8-13 set forth Countryman's Fourteenth Amendment equal protection claim, and the Screening Order at section II.C states that both plaintiffs' equal protection claims in count III proceed. Accordingly, defendants have failed to make any showing that reconsideration or clarification is warranted, and their motion is also denied on that basis.

1    **IT IS THEREFORE ORDERED** that defendants' motion for clarification and
2 reconsideration of the court's Screening Order (docket #24) is **DENIED.**
3    **IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's motion for
4 clarification (docket #25) and motion for hearing and sanctions due to unethical retaliatory conduct
5 (docket #26) are both **DENIED**.

7    Dated this 22nd day of April, 2011.

10    _____
     UNITED STATES DISTRICT JUDGE